IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| V. | § | |
| | § | No. 3:18-cr-573-B (2) |
| KRISTEN ILENE BROWN, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

In an Order Accepting Report and Recommendation of the United States Magistrate Judge Concerning Plea of Guilty, dated July 24, 2019, United States District Judge Jane J. Boyle has referred this matter to the undersigned United States magistrate judge for a hearing to determine whether it has been clearly shown that there are exceptional circumstances under 18 U.S.C. § 3145(c) why Defendant Kristen Ilene Brown should not be detained under 18 U.S.C. § 3143(a)(2), and whether it has been shown by clear and convincing evidence that Defendant Kristen Ilene Brown is not likely to flee or pose a danger to any other person or the community if released under 18 U.S.C. § 3142(b) or (c). *See* Dkt. No. 240.

**Background**

Defendant is set for sentencing before Judge Boyle on October 10, 2019. *See* Dkt. No. 217. "[W]hether a defendant should be released pending trial and whether a defendant should be released pending sentencing or appeal are distinct inquiries governed by different provisions of the Bail Reform Act." *United States v. Lee*, 31 F. App'x 151, No. 01-30876, 2001 WL 1747632, at *1 (5th Cir. Dec. 4, 2001).

"The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal." FED. R. CRIM. P. 46(c). 18 U.S.C. § 3143(a)(2) dictates that the Court "shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless – (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2).

On November 16, 2018, the undersigned United States magistrate judge released Defendant subject to an Order Setting Conditions of Release. *See* Dkt. No. 44.

"The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal." FED. R. CRIM. P. 46(c). 18 U.S.C. § 3143(a)(2) dictates that the Court "shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless – (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2).

Defendant filed a Motion for Continued Release, in which she identifies the exceptional circumstances under 18 U.S.C. § 3145(c) that she contends justify her continued release post-conviction and in which she addresses whether she is likely to flee or pose a danger to any other person or the community if released under 18 U.S.C. § 3142(b) or (c) pending sentencing. *See* Dkt. No. 261.

The Court held a hearing on August 30, 2019 on the matters referred by Judge Boyle, at which Defendant appeared in person and through counsel and the government's counsel appeared.

## Legal Standards and Analysis

As a preliminary matter, Defendant is subject to mandatory detention under Section 3143(a)(2) because she has, on a guilty plea, now been adjudged guilty of a violation of 21 U.S.C. § 841. *See* Dkt. Nos. 181, 215, & 240. That is "an offense in a case described in subparagraph (A) ... of subsection (f)(1) of section 3142," specifically, "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)."

Defendant therefore must be detained pursuant to 18 U.S.C. § 3143(a)(2) unless she meets the conditions of release set forth in Section 3143(a)(2) or 18 U.S.C. § 3145(c). Release of "a person who has been found guilty of an offense in a case described in [18 U.S.C. § 3142(f)(1)(A)] and is awaiting imposition or execution of sentence" requires that "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2)(B); *see also United States v. Morrison*, 833 F.3d 491, 506 (5th

Cir. 2016) ("The decision to detain Jacqueline after conviction is a common one because of the presumption in favor of detention that attaches to a convicted defendant. *See* 18 U.S.C. § 3143."); *United States v. Lopez*, 504 F. App'x 297, 298 (5th Cir. 2012) ("A defendant who has been convicted 'shall … be detained' pending sentencing 'unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released.' Thus, there is a presumption against release pending sentencing." (footnotes omitted)). As the United States Court of Appeals for the Fifth Circuit has repeatedly recognized, Federal Rule of Criminal Procedure 46(c) and Section 3143(a)(1) impose a burden on a convicted defendant seeking release pending sentencing to show by clear and convincing evidence that she or he is not a flight risk or a danger to the community. *See* 18 U.S.C. § 3143(a)(1); FED. R. CRIM. P. 46(c) ("The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant."); *United States v. Lockett*, 549 F. App'x 269 (mem.), No. 13-11097, 2013 WL 6623771, at *1 (5th Cir. Dec. 17, 2013).

Further, Defendant must meet the conditions of release set forth in Section 3143(a)(2)(A) or 3145(c). Defendant cannot, and does not claim that she can, satisfy the Section 3143(a)(2)(A) showing that there is a substantial likelihood that a motion for acquittal or new trial will be granted or that an attorney for the government has recommended that no sentence of imprisonment be imposed on Defendant.

18 U.S.C. § 3145(c) provides that "[a] person subject to detention pursuant to [18 U.S.C. §] 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in [18

U.S.C. §] 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." As reflected in the Report and Recommendation Concerning Plea of Guilty [Dkt. No. 215], Section 3145(c) provides an alternative basis for pre-sentencing release under "exceptional circumstances," so long as Defendant also makes the required showing under Section 3143(a)(1) and 3143(a)(2)(B) – that is, by clear and convincing evidence that Defendant is not likely to flee or pose a danger to the safety of any other person or the community if released under 18 U.S.C. § 3142(b) or 3142(c) pending sentencing. *See United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir. 1991).

The Court finds that Defendant has made the required showing that she is not likely to flee or pose a danger to the safety of any other person or the community if continued on release. As Defendant explains in her motion:

> Pursuant to a good faith agreement between Ms. Brown and the Government, the Government withdrew its Motion for Pretrial Detention filed on November 16, 2018, and this Court released her on certain conditions. To date, Ms. Brown has not caused United States Probation Office Pretrial Services (USPO) any problems, and has conducted herself in accordance with the conditions of her release. [In an email from USPO dated August 26, 2019, Pretrial Officer Wayne Poton confirmed that, "[Ms. Brown] is in compliance with her [conditions of release]. No positive [urinalysis] while on release and she was not referred to [substance abuse] treatment as she remained drug free."] This should come as no surprise for two reasons: first, as promised, Ms. Brown promptly followed through with her agreement with the Government, and second, this is Ms. Brown's first prosecution, as confirmed by the United States Probation Office during the investigation for the Presentence Investigation Report (PSR). The PSR indicated a criminal history score of zero. In this case, Ms. Brown has complied with the requests of the Government, USPO, and this Court.

> ....
> As an initial matter, clear and convincing evidence – namely, Ms. Parson's performance on pretrial release – shows that she is not a not a flight risk or a danger to the community. To benefit from pretrial release, this Court ordered Ms. Brown to, among other restrictions:
> 
>> (1) Notify the United States Probation Office in writing before making any change of residence or telephone number;
>> (2) Submit to Supervision;
>> (3) Continue or actively seek employment;
>> (4) Submit to drug testing;
>> (5) Participate in substance abuse treatment if directed by USPO;
>
> See Dkt. No. 44. Counsel has conferred with Wayne Poton, USPO, on August 26, 2019, and confirmed that, "[Ms. Brown] is in compliance with her [conditions of release]." He further informed Counsel that Ms. Brown has had "[n]o positive [urinalysis] while on release and she was not referred to [substance abuse] treatment as she remained drug free."
>
> Ms. Brown has demonstrated over the course of the last nine-plus months that she is neither a flight risk nor a danger to the community. In fact, when considered collectively, Ms. Brown's post-offense conduct has demonstrated that she is an asset to the community, her family and the workforce. Further, her actions toward repaying society began almost immediately upon arrest. She followed through on her agreement with the Government within days of being released from jail, and timely entered into a plea agreement accepting responsibility for her actions.

Dkt. No. 261 at 1, 6-7 (footnote omitted).

The issue of Defendant's presentencing release therefore turns on whether "it is clearly shown that there are exceptional reasons why [Defendant's] detention [pending sentencing] would not be appropriate." 18 U.S.C. § 3145(c). In support of that showing, Defendant explains that she

> has unique and exceptional circumstances that warrant her continued release pending sentencing. Amy Davis, Ms. Brown's step-mother, and for all intents and purposes her mother given that she came into Ms. Brown's life when Ms. Brown was four years old, and has been the only mother that Ms. Brown has known. While she maintains some contact with her biological mother, in Ms. Brown's words, "[they] don't really have a relationship." Unfortunately, Ms. Davis has been diagnosed with symptoms requiring a hysterectomy which will include a biopsy to

determine whether chemotherapy and radiation treatments will be required and part of ongoing oncological care. See August 26, 2019 Letter from Amy Davis. She is scheduled for surgery on September 4, 2019. See Id. Of course fingers are crossed in hopes of a positive outcome, the reality is that Ms. Davis' ability to care for Ms. Brown's son, Eric, will be greatly diminished, and as she writes, will prevent her from providing the care that Eric needs. See Id. Ms. Davis would be Eric's caretaker in Ms. Brown's absence. See Id.

  Ms. Brown interviewed with the USPO for preparation of a PSR. Ms. Brown's Criminal History category is I, with a score of zero. PSR ¶ 73. Regarding Offense Level, Ms. Brown's PSR calculated her Total Offense Level at seven. Id. A Criminal History Category I, and a Total Offense Level of seven results in a Guideline Imprisonment Range of zero to six months, which is in Zone A of the United States Sentencing Table. Id. In fact, this is the lowest Guideline Imprisonment Range for any offense. See United States Sentencing Table. Given Ms. Brown's Chapter Two and Three downward adjustments under the United States Sentencing Guidelines Manual, and her range within Zone A of the sentencing table, among other conspicuous considerations, Ms. Brown is a strong candidate for a probationary sentence. To be perfectly clear, probation is not mandatory or guaranteed and Ms. Brown recognizes the statutory and United States Sentencing Guideline authority to sentence her to some term in prison. However, the overall strength of her forthcoming sentencing request of probation bodes toward continued release.

  At sentencing, Honorable Judge Jane J. Boyle will consider many factors, not the least of which will be Ms. Brown's history and characteristics. In addition to those already discussed, Ms. Brown, since her release on conditions has maintained steady and gainful employment. When agents arrested Ms. Brown, she lost her job as a result. PSR ¶ 60. Not one to be lazy, she immediately sought out new employment and successfully landed a job with another local business. PSR ¶ 59. Always looking to better her circumstances, Ms. Brown learned of an opportunity to earn significantly more at another local employer, Sterilite, and successfully applied. PSR ¶ 58. Ms. Brown joined the team at Sterilite, a local warehouse facility, on February 13, 2019. Id. While there, she has performed well and recently been considered for a promotion which will also include a pay increase. To help meet her financial obligations, Ms. Brown took the initiative to begin freelance work delivery food when she is not working at the warehouse. PSR ¶ 58. Ms. Brown intends to continue these sources of stability and self-sufficiency.

  Between working and taking care of her son, Eric, Ms. Brown has also volunteered with charity. Since April 2019, Ms. Brown partnered

with Meals on Wheels for Johnson and Ellis County delivering homebound neighbors with meals. See June 26, 2019 Letter from Gladys Burns, Meals on Wheels. Ms. Gladys Burns, Volunteer Coordinator for Meals on Wheels for Johnson and Ellis County, indicated that between April 2019 and June 26, 2019, Ms. Brown completed multiple hours of volunteer community service, and added that "[w]ithout volunteers like Kristen [they] would not be able to do what [they] do for our seniors." Id.

Ms. Brown's community involvement also includes regular church attendance at Oaks Church in Red Oak, Texas. Ms. Brown is not seeing a professional counselor or participating in formal therapy sessions; however, she does utilize her church connections and spiritual relationships, including prayer, to deal with both past trauma involving abusive relationships and the stress of this prosecution. See PSR ¶ 53. Detention, especially under these circumstances, would disrupt Ms. Brown's spiritual and emotional growth and restoration.

....

When taken individually, each factor in Ms. Brown's life may not meet the standard of exceptional circumstances; however, when an objective analysis of Ms. Brown's circumstances are considered – low Guideline provisions and potential for probationary sentence, compliance with conditions of release, conduct with the Government, her personal commitment to family (including caretaking function for her step-mother's post-surgery needs, and mother to a minor child), community involvement and volunteerism, and current spiritual approach to rehabilitation – Ms. Brown's pre-sentencing life and rehabilitation warrants continued release in order to avoid disruption and counter-productive consequences that do not further the ends of justice. That is, Ms. Brown has shown exceptional reasons why her detention would not be appropriate.

Dkt. No. 261 at 1-4, 8.

The United States Court of Appeals for the Fifth Circuit has explained that the "exceptional reasons" provision "was added to § 3145(c) with the mandatory detention provisions of § 3143(a)(2) and (b)(2) and was apparently designed to provide an avenue for exceptional discretionary relief from those provisions." *Carr*, 947 F.2d at 1240. The United States Court of Appeals for the Second Circuit offers a working definition of "exceptional reasons": "a unique combination of circumstances giving rise to situations

that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). That court also explained that, in assessing reasons proffered as the basis for release under Section 3145(c), "a case by case evaluation is essential." *Id.* The United States Court of Appeals for the Eighth Circuit has similarly explained that "'exceptional' means 'clearly out of the ordinary, uncommon, or rare.'" *United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007) (citation omitted). One court has explained that, "to avoid emasculating the mandatory detention statute[,] 'exceptional reasons review is limited to determining whether remanding the defendant to custody until sentencing would be tantamount to subjecting individuals to unjust detention.'" *United States v. Thomas*, No. 10-cr-229, 2010 WL 3323805, at \*2 (D.N.J. Aug. 20, 2010) (quoting *United States v. Christman*, 712 F. Supp. 2d 651, 655 (E.D. Ky. 2010)).

District courts in this circuit have noted a variety of circumstances that do not rise to the level of exceptional. *See United States v. Cyrus*, No. 10-0228-04, 2010 WL 5437247, at \*1-\*2 (W.D. La. Dec. 27, 2010) (need to "secure his home and attend to other personal matters" were not exceptional reasons justifying release pending sentencing); *United States v. Douglas*, 824 F. Supp. 98, 99-100 (N.D. Tex. 1993) (defendant's cooperation with the government that subjected him to potential retaliation by co-defendants and his attempts at rehabilitation did not constitute exceptional reasons); *United States v. Dempsey*, No. 91-098, 1991 WL 255382, at \*1-\*2 (E.D. La. Nov. 19, 1991) (poor health, emotional and mental problems, and need to properly prepare his business and his family for his long absence were not exceptional circumstances); *United States v. Scott*, No. 1:95-CR-80-1, 1995 WL 723752, at \*1-\*2

(E.D. Tex. Nov. 22, 1995) (need to assist parent was a purely personal reason that was no more exceptional than those routinely rejected by courts); *see also United States v. Landry*, No. CR 15-32-JWD-SCR, 2015 WL 5202458, at *2-*4 (M.D. La. Sept. 4, 2015); *United States v. Posada*, 109 F. Supp. 3d 911, 912-16 (W.D. Tex. 2015).

The facts that Defendant urges as exceptional circumstances, including her compliance with his conditions of pretrial release, are certainly commendable. But, as Defendant acknowledges, that alone is not so out of the ordinary and, in that sense, "exceptional" among defendants who are on release at the time that they are found guilty as to justify an exception to Section 3142(a)(2)'s rule of mandatory detention. *See generally United States v. Bernard*, No. 1:12-cr-00022-JAW-02, 2013 WL 145582, at *2 (D. Me. Jan. 14, 2013) ("One way of thinking about compliance with the terms of pretrial release and a lack of significant criminal history is that they make out a necessary but not sufficient showing for release under § 3145(c).").

But, for the reasons the Court explained more fully at the August 30, 2019 hearing, the Court finds that the particular totality of the facts that Defendant urges as exceptional circumstances, including her compliance with all of her conditions of pretrial release and the possibility that she may receive a probationary sentence, are, taken together, a unique combination of circumstances giving rise to a situation that is out of the ordinary and in which Defendant's presentencing detention would not be appropriate.

**Conclusion**

The Court finds that Defendant Kristen Ilene Brown has presented so unique

-10-

a combination of circumstances that is so clearly out of the ordinary, uncommon, or rare as to justify ordering release pending sentencing under Section 3145(c) and that Defendant Kristen Ilene Brown met her burden to clearly show exceptional circumstances why she should not be detained pending sentencing – that is, exceptional reasons why her detention would not be appropriate – and to show by clear and convincing evidence that she is not likely to flee or pose a danger to any other person or the community if she remains on release under 18 U.S.C. § 3142(c).

Defendant Kristen Ilene Brown is ORDERED to remain on release, subject to the Court's Order Setting Conditions of Release [Dkt. No. 44], pending her sentencing before Judge Boyle.

SO ORDERED.

DATED: August 30, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE